# EXHIBIT A

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

|  | Civil Action File Number<br>PC-2018-6833 |
|---|---|
| **Plaintiff**<br>Matthew Mccarthy<br>v.<br>**Defendant**<br>Rhode Island Convention Center | **Attorney for the Plaintiff or the Plaintiff**<br>Paige A Munro-delotto |
|  | **Address of the Plaintiff's Attorney or the Plaintiff**<br>400 WESTMINSTER STREET<br>STE 200<br>PROVIDENCE RI  02903 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>No Known Address |

**TO THE DEFENDANT, RHODE ISLAND CONVENTION CENTER:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 9/21/2018. | /s/ Henry Kinch<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

11/13/18  True Copy Attest
Ashley Watanabe
Constable # 161
11/15/18

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff<br>Matthew Mccarthy<br>v.<br>Defendant<br>Rhode Island Convention Center | Civil Action File Number<br>PC-2018-6833 |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, RHODE ISLAND CONVENTION CENTER, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
  Name of person of suitable age and discretion _____
  Address of dwelling house or usual place of abode _____
  _____
  Age _____
  Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
  Name of authorized agent _____
  If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
  _____

☐ With a guardian or conservator of the Defendant.
  Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
  Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
  Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
  Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
  Name of authorized agent _____
  If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

☐ I was unable to make service after the following reasonable attempts: _____

SERVICE DATE: NOV / 15 / 2018
              Month  Day  Year
SERVICE FEE $ 45.00

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE
*[signed]*

Ashley Waddington
Constable #151
P.O. Box 204
East Greenwich, RI 02818

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
Signature

State of _____
County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

d in Providence/Bristol County Superior Court
omitted: 9/21/2018 3:47 PM
elope: 1724993
iewer: Lynn G.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC.                                              SUPERIOR COURT

MATTHEW MCCARTHY,
*Plaintiff*

v.                                                           C.A. No.:

RHODE ISLAND CONVENTION            PLAINTIFF DEMANDS TRIAL BY
CENTER,                                      JURY
*Defendants*

## COMPLAINT

NOW COMES the Plaintiff Matthew McCarthy ("Mr. McCarthy or Plaintiff") and brings this action against Rhode Island Convention Center and David Krapf (collectively, "Defendants") to remedy and seek relief for Defendants' actions relating to unlawful discrimination on the basis of disability, in violation of the Federal laws and the laws of the State of Rhode Island.

## PARTIES

1. Matthew McCarthy is a citizen of the State of Rhode Island, residing in Cranston, Rhode Island.

2. Rhode Island Convention Center Authority is a domestic non-profit corporation located at 1 Sabin St., Providence, Rhode Island 02903.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's claims pursuant to R.I. Gen. Laws § 8-2-14, as the amount in controversy exceeds $5,000.00.

4. Venue is proper in accordance with R.I. Gen. Laws § 9-4-3.

id in Providence/Bristol County Superior Court
omitted: 9/21/2018 3:47 PM
elope: 1724993
iewer: Lynn G.

## ADMINISTRATIVE PROCEDURES

5. Plaintiff filed a charge of discrimination (RICHR #17 RPD 177) against Defendants with the Rhode Island Commission for Human Rights ("Commission") on or about January 30, 2016.

6. After investigating Plaintiff's charge of discrimination, the Commission issued a probable cause finding in favor of Plaintiff on or about June 7, 2018, declaring that the Commission had probable cause to believe that Defendants had violated several state civil rights laws concerning disabled persons.

7. The Commission issued Plaintiff a Notice of Right to Sue on or about June 29, 2018, in accordance with R.I. Gen. Laws § 28-5-24.1(c) and this complaint was timely filed.

## FACTUAL ALLEGATIONS

8. Mr. McCarthy suffers from optic nerve damage and is fully blind in his left eye, as well as equilibrium issues due to his blindness.

9. Mr. McCarthy's partial blindness makes it extremely difficult and dangerous for him to navigate and traverse areas without assistance; his equilibrium issues further compound his visual impairments by affecting his balance.

10. Accordingly, Mr. McCarthy requires the aid of a service dog to help him walk, navigate, and have access to public facilities utilized by the rest of the public.

11. Mr. McCarthy's service dog is an American Staffordshire Terrier named BayBay.

12. The tasks performed by BayBay are directly related to Mr. McCarthy's disability.

13. In particular, BayBay aids Mr. McCarthy by performing tasks such as navigating paths, sidewalks, ascending or descending stairs and inclines, and avoiding obstacles.

14. BayBay is also trained to help Mr. McCarthy get up in the event Mr. McCarthy falls.

:d in Providence/Bristol County Superior Court
)mitted: 9/21/2018 3:47 PM
/elope: 1724993
/iewer: Lynn G.

15. On or about January 17, 2016, Mr. McCarthy went to the Rhode Island Convention Center to see a show with his service dog.

16. Mr. McCarthy went to the café within the RI Convention Center, which was serving free coffee.

17. Mr. McCarthy took a cup and was drinking it when a security guard, Mr. Krapf ("Head of Security" - #5) approached Mr. McCarthy, stating to him that Mr. McCarthy needed to leave.

18. Mr. Krapf specifically pointed at Mr. McCarthy's service dog and told Mr. McCarthy he was not going to let the dog into any show.

19. Mr. McCarthy told Mr. Krapf that was a violation the ADA.

20. Mr. Krapf responded, "I'm asking you to leave and you're not leaving. It's my building and I can throw people out any time I want."

21. Mr. Krapf then called two other convention center security guards over and informed Mr. McCarthy that the police were also coming.

22. Mr. Krapf called Mr. McCarthy a "homeless idiot" multiple times and began reiterating, "You can't have that dog in here. You don't even have a leash for it."

23. Mr. McCarthy informed Mr. Krapf that the ADA does not require his service dog to be on a leash because the dog had a lead[1] and no leash was required as long as she is maintained control as she was in this situation.

24. Mr. Krapf asked Mr. McCarthy what he was doing at the Convention Center and Mr. McCarthy responded that he was about to buy a ticket for the show.

25. Mr. Krapf told Mr. McCarthy that he would not be allowed to bring his dog into the show no matter what and the second security guard affirmed.

---

[1] A lead is synonymous with a leash or tether but are generally shorter and formed of a single length of stiff rope or leather that uses a sliding knot or ring to stay affixed around the neck of the dog which assists service dog owners who have vision and stability issues.

3

:d in Providence/Bristol County Superior Court
omitted: 9/21/2018 3:47 PM
/elope: 1724993
/iewer: Lynn G.

26. Mr. Krapf told Mr. McCarthy there were other animals inside that might conflict with the dog.

27. Mr. McCarthy repeated that Mr. Kraph's and the security guard's actions were against the ADA.

28. But the security guards kept asking "where is her leash? Where is her vest?"

29. Mr. McCarthy informed the security guards that his dog did not need these items and Mr. McCarthy was legally disabled.

30. Mr. Krapf radioed the police and told them that they wanted to take out a no trespass order against Mr. McCarthy.

31. Mr. McCarthy had to leave without watching a show.

32. Mr. McCarthy filed a charge of discrimination filed a charge of discrimination with the Commission on or about January 30, 2016 as a result of the incident and the continued enforcement of the no trespass order.

33. After an investigation, the Commission found probable cause to believe that Defendants had discriminated and continued to discriminate against Mr. McCarthy by refusing to provide him reasonable accommodation and banning him from entering the store because of his disability, which requires the assistance of a service dog.

34. The Commission issued Plaintiff a Notice of Right to Sue on or about June 29, 2018 accordance with R.I. Gen. Laws § 28-5-24.1(c).

35. As a direct and proximate result of Defendants' unlawful and discriminatory actions, Plaintiff has suffered and will continue to suffer immediate and irreparable harm, for which there is no adequate remedy at law.

36. As a direct and proximate result of Defendants' unlawful and discriminatory actions, Plaintiff has suffered and will continue to suffer emotional distress and mental anguish resulting in

id in Providence/Bristol County Superior Court
omitted: 9/21/2018 3:47 PM
velope: 1724993
viewer: Lynn G.

physical injury, loss of standing in the community, humiliation, and other damages. All damages continue to date.

## COUNT I – DECLARATORY RELIEF

37. Plaintiff hereby incorporates by reference all foregoing paragraphs as if fully set forth herein.

38. An individual has a "disability" under federal and state law if the person has "a physical or mental impairment that substantially limits one or more major life activities" and has "a record of such an impairment" or is "regarded as having such an impairment. 42 U.S.C. § 12102(1); R.I. Gen. Laws § 42-87-1(1).

39. Mr. McCarthy's partial blindness substantially limits at least one major life activity, such as seeing, walking, and reading.

40. Mr. McCarthy's partial blindness has been documented by a physician.

41. Mr. McCarthy has otherwise been regarded as being partially blind and/or visually impaired.

42. Thus, Mr. McCarthy is a disabled individual under the ADA and Rhode Island law.

43. Because Mr. McCarthy is disabled individual, he is therefore entitled to the rights and protections of federal and state law that provide for the reasonable accommodation of disabled persons and prohibit discrimination on the basis of disability.

44. An animal is a "service animal" under federal and state law if the animal is "individually trained to do work or perform work for the benefit of an individual with a disability, including a physical, sensory, psychiatric, intellectual, or other mental disability" and "examples of work or tasks include ... assisting individuals who are blind or have low vision with navigation and other tasks...." 28 C.F.R. § 35.104.

id in Providence/Bristol County Superior Court
omitted: 9/21/2018 3:47 PM
elope: 1724993
iewer: Lynn G.

45. Mr. McCarthy's partial blindness and/or visual impairment necessitates the assistance of a service dog.

46. Mr. McCarthy's service dog, BayBay is individually trained to perform specific tasks for Mr. McCarthy, such as assisting Mr. McCarthy navigate the area around him since his vision is extremely impaired, as well as helping Mr. McCarthy to his feet in the event he falls due to his equilibrium issues.

47. Mr. McCarthy employs the use of a lead[2] to both serve as a tether and also to serve as a guide, so Mr. McCarthy can sense where to walk and when obstacles are present.

48. Mr. McCarthy maintains control over BayBay through the lead as well as through audible commands.

49. BayBay is housebroken.

50. Thus, BayBay is a service animal under the ADA and Rhode Island law.

51. Because BayBay is a service animal, Mr. McCarthy is entitled to have BayBay accompany him in virtually all public places.

52. As a direct and proximate result of Defendant's actions, Mr. McCarthy was harmed in the manners incorporated by reference as stated herein.

53. Wherefore, Plaintiff prays that this Court grant relief as hereinafter set forth.

### COUNT II – DISABILITY DISCRIMINATION
Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*
Equal Rights of Blind Persons to Public Facilities Act, R.I. Gen. Laws §§ 40-9.1-1, *et seq.*;
Civil Rights of People with Disabilities Act, R.I. Gen. Laws §§ 42-87-1, *et seq.*;
Hotels and Public Places Act, R.I. Gen. Laws §§ 11-24-1, *et seq.*;
Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1, *et seq.*

54. Plaintiff hereby incorporates by reference all foregoing paragraphs as if fully set forth herein.

---

[2] A lead is synonymous with a leash or tether but are generally shorter and formed of a single length of stiff rope or leather that uses a sliding knot or ring to stay affixed around the neck of the dog.

id in Providence/Bristol County Superior Court
omitted: 9/21/2018 3:47 PM
elope: 1724993
iewer: Lynn G.

55. Defendant Rhode Island Convention Center is a place of public accommodation and thereby subject to the provisions of Title III of the ADA as well as Rhode Island disability laws.

56. Defendant Rhode Island Convention Center is responsible for the acts and omissions of its employees and agents, committed in violation of the ADA and Rhode Island law, under the doctrine of *respondeat superior*.

57. Defendant Rhode Island Convention Center never inquired whether BayBay was required because of a disability, or what work or task BayBay was trained to perform. See 28 C.F.R. § 35.136(f).

58. Instead, Defendant Rhode Island Convention Center simply refused service despite identification of the service animal.

59. Defendant Rhode Island Convention Center did not permissibly exclude Mr. McCarthy under the ADA or Rhode Island law, because BayBay was housebroken and was never out of control See 28 C.F.R. § 35.136(b).

60. Alternatively, if BayBay was out of control, Mr. McCarthy promptly took effective action to control her. See 28 C.F.R. § 35.136(b).

61. Even if Mr. McCarthy's service animal was properly excluded, Defendant Rhode Island Convention Center failed to permit Mr. McCarthy the opportunity to enter and/or remain the building without his service animal. See 28 C.F.R. § 35.136(c).

62. At no point did Mr. McCarthy pose a direct threat to the health and safety of others. See 42 U.S.C. § 12182(b)(3).

63. Mr. McCarthy's civil rights were violated and otherwise infringed upon as a direct and proximate result of Defendant Rhode Island Convention Center's discriminatory conduct towards Mr. McCarthy and his service dog.

:d in Providence/Bristol County Superior Court
>mitted: 9/21/2018 3:47 PM
/elope: 1724993
/iewer: Lynn G.

64. As a direct and proximate result, Mr. McCarthy was harmed in the manners incorporated by reference as stated herein.

65. Wherefore, Plaintiff prays that this Court grant relief as hereinafter set forth.

### COUNT III NEGLIGENT TRAINING AND SUPERVISION

66. Plaintiff hereby incorporates by reference all foregoing paragraphs as if fully set forth herein.

67. Defendants owed Plaintiff McCarthy a duty of care to train their employees to understand the requirements of the ADA and Rhode Island disability laws and supervise their employees to ensure compliance with the ADA and Rhode Island disability laws.

68. Defendants breached their duty by failing to properly train their employees to understand the requirements of the ADA and Rhode Island disability laws and supervise their employees to ensure compliance with the ADA and Rhode Island disability laws.

69. Because Defendant's failed to provide adequate training and supervision, Defendant's employees did not know the requirements of the ADA and/or Rhode Island disability laws and were woefully unprepared to respond properly when Mr. McCarthy identified BayBay as his service dog and requested a reasonable accommodation.

70. As a direct and proximate result of Defendant's failure to properly train and supervise their employees, Mr. McCarthy and his service dog were ejected and trespassed from the Rhode Island Convention Center before the transaction could be completed, not only violating Mr. McCarthy's civil rights in the process, but also causing other damages stated herein.

71. Wherefore, Plaintiff prays that this Court grant relief as hereinafter set forth.

id in Providence/Bristol County Superior Court
omitted: 9/21/2018 3:47 PM
elope: 1724993
iewer: Lynn G.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court find in favor of Plaintiff and enter judgement against Defendants on all Counts, and for all counts applicable:

A. Declare that Mr. McCarthy is disabled within the meaning of R.I. Gen. Laws § 42-87-(1) and 42 U.S.C. § 12102(1);
B. Declare that BayBay is a service animal within the meaning of R.I. Gen. Laws § 40-9.1-1.1 and 28 C.F.R. § 35.136(f);
C. Order that Defendants attend or implement mandatory disability discrimination training;
D. Order that Defendants make Mr. McCarthy whole by awarding Mr. McCarthy compensatory damages to remedy:
   a. Economic losses incurred by Mr. McCarthy;
   b. Mental anguish, emotional pain, and humiliation suffered by Mr. McCarthy;
   c. Violation of Mr. McCarthy's civil rights;
E. Order that Defendants pay punitive damages for all violations of R.I. Gen. Laws §§ 42-87-4 and 40-9.1-3(d);
F. Award Mr. McCarthy attorney's fees and costs for all violations of R.I. Gen. Laws §§ 42-87-4 and 40-9.1-3(d);
G. Where allowable by law, order that Defendants pay post-judgment and pre-judgment interest, at the statutory judgment rate, for all damages from the date the cause of action accrued;
H. Order, for all Counts, such other relief to Mr. McCarthy as this Court deems just and proper.

Filed: September 21, 2018                    Respectfully Submitted,

                                             Plaintiff Matthew McCarthy,
                                             By his attorney,

                                             /s/ Paige Munro-Delotto
                                             Paige Munro-Delotto, Ph.D., Esq. #9291
                                             Munro-Delotto Law, LLC
                                             400 Westminster Street, Ste. 200
                                             Providence, RI 02903
                                             Tel: (401) 521-4529
                                             Fax: (866) 593-9755
                                             paige@pmdlawoffices.com

;d in Providence/Bristol County Superior Court
omitted: 9/24/2018 12:00 PM
/elope: 1726284
/iewer: Alexa G.

## STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

| | |
|---|---|
| PROVIDENCE, SC. | SUPERIOR COURT |

| | |
|---|---|
| MATTHEW MCCARTHY,<br>*Plaintiff*<br><br>v.<br><br>RHODE ISLAND CONVENTION CENTER,<br>*Defendants* | C.A. No.: PC-2018-6833<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

### DEMAND FOR JURY TRIAL

Plaintiff Matthew McCarthy hereby demands a trial by jury on all issues so triable.

Filed: September 24, 2018

Respectfully Submitted,

Plaintiff Matthew McCarthy,
By his attorney,

/s/ Paige Munro-Delotto
Paige Munro-Delotto, Ph.D., Esq. #9291
Munro-Delotto Law, LLC
400 Westminster Street, Ste. 200
Providence, RI 02903
Tel: (401) 521-4529
Fax: (866) 593-9755
paige@pmdlawoffices.com

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
Camboyano: Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
Español: Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
Português: Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.

# AVISO

## Usted tiene un caso en el sistema judicial de Rhode Island.

## Usted tiene el derecho a tener un intérprete sin costo para usted.

La Orden Ejecutiva 2012-05 del Tribunal Supremo de Rhode Island dicta que cuando una persona que tiene un dominio limitado del inglés (LEP) comparece ante la corte, el Sistema Judicial de Rhode Island le proveerá un intérprete autorizado gratis sea el acusado/demandado, demandante, testigo, víctima, padre de un menor de edad alguien que tenga con un interés importante en el proceso de la corte. Este servicio de interpretación se le proveerá sin costo alguno a los participantes en toda clase de caso, sea civil o penal.

Los intérpretes judiciales trabajan en todos los tribunales del Sistema Judicial de Rhode Island.

Para solicitar un intérprete para su comparecencia en el tribunal, usted tiene las siguientes opciones:

1. Llamar a la Oficina de Intérpretes en el tribunal al 401-222-8710; o
2. Mandar un correo electrónico a interpreterfeedback@courts.ri.gov; o
3. Presentarse a la Oficina de Intérpretes para solicitar un intérprete:

   The Office of Court Interpreters
   Licht Judicial Complex
   Cuarto Piso, Oficina 401 A-E
   250 Benefit Street
   Providence, RI 02903

Al solicitar un intérprete, por favor provea la siguiente información:

- El nombre y el número de su caso
- El idioma que solicita
- La fecha y hora de su audiencia
- Dónde va a tomar lugar su audiencia
- Su nombre y número de teléfono por el cual nos podamos poner en contacto con usted o con su abogado.

Para obtener más información en portugués, ruso o español, incluyendo una lista de formularios de la corte que están disponibles en español, visite nuestra página de internet:

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx

Para solicitar la traducción de este aviso en cualquier otro idioma, por favor llame a la oficina de intérpretes al (401) 222-8710. Ayudaría si usted puede estar en compañía de una persona que habla inglés cuando llame.

El sistema jurídico de Rhode Island se compromete a proporcionar a todas las personas mejor acceso a los tribunales.

The Office of Court Interpreters
Licht Judicial Complex
Fourth Floor Room 401
250 Benefit Street
Providence, RI 02903

9/15

---

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
Camboyano: SAMPLE. [Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.]
Español: Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
Português: Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.

# NOTIFICAÇÃO

## V. Ex.ª tem um processo em curso no sistema judiciário do Estado de Rhode Island.

## V. Ex.ª tem direito aos serviços gratuitos de um intérprete.

A Ordem Executiva 2012-05 do Supremo Tribunal de Rhode Island prevê que quando uma pessoa com conhecimentos limitados da língua inglesa (Limited-English Proficient) (LEP) compareça em tribunal, a Administração Judiciária de Rhode Island disponibilizar-lhe-á gratuitamente os serviços de um intérprete autorizado a um réu, autor, testemunha, vítima, pai ou mãe de um menor ou alguém com interesse significativo no processo judicial. O serviço de intérprete é prestado gratuitamente às partes e em todos os tipos de processos, sejam eles civis ou penais. Os intérpretes do tribunal trabalham em todos os tribunais do sistema judiciário do Estado de Rhode Island.

Para agendar os serviços de um intérprete para o seu dia no tribunal, tem as seguintes opções:

1. Telefonar para o Gabinete de Intérpretes Judiciais através do n.º (401) 222-8710, ou
2. Enviar uma mensagem de correio electrónico para interpreterfeedback@courts.ri.gov, ou
3. Deslocar-se ao gabinete de intérpretes para agendar os serviços de um intérprete:

   Gabinete de Intérpretes Judiciais
   Complexo Judicial Licht
   Quarto Piso, Sala 401
   250 Benefit Street
   Providence, RI 02903

Quando solicitar os serviços de um intérprete deve fornecer os seguintes dados:

- O nome e número do seu processo
- O idioma que solicita
- A data e hora da sua audiência
- O local da sua audiência
- O seu nome e um número de telefone para o podermos contactar a si ou ao seu advogado.

Para obter mais informações em português, russo e espanhol, incluindo uma lista dos formulários judiciais disponíveis em espanhol, visite o nosso website na internet:

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx

Para solicitar uma tradução desta notificação para qualquer outro idioma, telefone para o Gabinete de Intérpretes Judiciais através do número (401) 222-8710. Recomenda-se que esteja acompanhado por alguém que fale inglês quando fizer a chamada.

A Administração Judiciária de Rhode Island está empenhada em tornar os tribunais acessíveis para todos.

Gabinete de Intérpretes Judiciais
Complexo Judicial Licht
Quarto Piso, Sala 401
250 Benefit Street
Providence, RI 02903

9/15